IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

Sergio Lemare Robinson,

    Plaintiff

v.

The Baltimore County Police Department,

Officer FNU Twisdale (Badge # 5233),

Officer FNU Stefanik (Badge # 5828),

Officer FNU Johnson (Badge # 5172),

Officer FNU Hoerr (Badge # 4164), and

Other Officers and Agents of the Baltimore County Police Department, yet unknown,

    Defendants

Case No. _____

JURY TRIAL DEMANDED PURSUANT TO F.R.C.P. 38(b)

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, Sergio Robinson, by his attorney, Nathan M. F. Charles, Esq., respectfully submits this COMPLAINT AND DEMAND FOR JURY TRIAL in accordance with F.R.C.P. 3 and represents to this Honorable Court as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over federal questions pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §§ 1983, 1988.

2. Venue is proper in this Court under 28 U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the District of Maryland. Moreover, upon information and belief, all of the parties reside in this Judicial District.

## The Parties

3. The Plaintiff, Sergio Lemare Robinson, is an adult citizen of the United States residing at 3003 Cherryland Road, Unit B, Baltimore, Maryland 21225.

4. Defendant Officer [First Name Unknown] Twisdale (Badge # 5233) is an officer, employee, and agent of the Baltimore County Police Department.

5. Defendant Officer [First Name Unknown] Stefanik (Badge # 5828), is an officer, employee, and agent of the Baltimore County Police Department.

6. Officer [First Name Unknown] Johnson (Badge # 5172), is an officer, employee, and agent of the Baltimore County Police Department.

7. Officer [First Name Unknown] Hoerr (Badge # 4164), is an officer, employee, and agent of the Baltimore County Police Department.

8. At all times relevant to this Complaint, Defendant Baltimore County Police Department was an agency of the County of Baltimore and exercised direction, control, and discipline over Defendants Twisdale, Stefanik, Johnson, and Hoerr.

9. At all times relevant to this Complaint, Baltimore County a political subdivision of the State of Maryland and was organized and existed under and by virtue of the laws of Maryland.

## Background

10. On or about February 28, 2021, the Plaintiff was involved in a car accident near York Road and Shealey Avenue in Towson, Maryland.

11. Defendants Twisdale, Stefanik, Johnson, and Hoerr responded to the scene of the accident.

12.     Upon arrival at the scene of the accident, Defendants Twisdale, Stefanik, Johnson, and Hoerr used an excessive, objectively unreasonable, and objectively offensive level of force to extract the Plaintiff from his vehicle.

13.     Thereafter, Defendants Twisdale, Stefanik, Johnson, and Hoerr used an excessive, objectively unreasonable, and objectively offensive level of force to arrest the Plaintiff and detain him in handcuffs. The offensive contact included, but was not limited to, striking the Plaintiff in the head, throwing the Plaintiff to the ground, slamming the Plaintiff's head against the ground, and pinning the Plaintiff to the ground with the Defendants' knees.

14.     A reasonable police officer would have known that the level of force Defendants Twisdale, Stefanik, Johnson, and Hoerr used against a person who was not resisting arrest was excessive, objectively unreasonable, and objectively offensive in violation of the Fourth Amendment.

15.     As a direct and proximate result of the offensive contact, the Plaintiff suffered head and back injuries that required medical attention. The Plaintiff's convalescence caused him to miss work for a month, resulting in approximately $2500 in lost wages.

16.     The Plaintiff suffered shock and numerous pains during the offensive contact. Additionally, the Plaintiff has continued to suffer head and back pain from his injuries.

17.     The Plaintiff did not consent to the offensive contact.

18.     At the time of their offensive contact with the Plaintiff, Defendants Twisdale, Stefanik, Johnson, and Hoerr did not possess probable cause that the Plaintiff had committed any crime.

19. At the time of their offensive contact with the Plaintiff, Defendants Twisdale, Stefanik, Johnson, and Hoerr did not possess probable cause that the Plaintiff posed an imminent threat to themselves or any other person.

20. At the time of the offensive contact, Defendants Twisdale, Stefanik, Johnson, and Hoerr did not possess the public authority to make the offensive contact with the Plaintiff or possess any other legal justification.

## COUNT I
### (Deprivation of a Civil Right under 42 U.S.C. § 1983)
*All Defendants in both their Individual and Official Capacities*

21. Paragraphs 1-20 are incorporated into this Count.

22. At all times relevant to this Complaint, Defendants Twisdale, Stefanik, Johnson, and Hoerr were acting under color of a statute, ordinance, regulation, custom, or usage, of a State, specifically as officers, agents, and employees of Defendant Baltimore County Police Department, itself an agency Baltimore County, a political subdivision of the State of Maryland.

23. By their offensive contact with the Plaintiff, Defendants Twisdale, Stefanik, Johnson, and Hoerr subjected a citizen of the United States to the deprivation of rights, privileges, or immunities secured by the Constitution of the United States and other laws, specifically including, but not limited to, the Fourth Amendment right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.

24. The Baltimore County Police Department caused the other Defendants' offensive contact with the Plaintiff by establishing formal policies and tolerating informal customs which contributed to the events relevant to this Complaint.

25. The Baltimore County Police Department also caused the other Defendants' offensive contact with the Plaintiff by failing to properly train, supervise, and discipline the officers.

## COUNT II
### (Common Law Action for Damages Resulting from Violations of Article 24 of the Maryland Declaration of Rights)
*All Defendants in both their Individual and Official Capacities.*

26. Paragraphs 1-20 are incorporated into this Count.

27. At all times relevant to this Complaint, Defendants Twisdale, Stefanik, Johnson, and Hoerr were acting under color of a statute, ordinance, regulation, custom, or usage, of the State of Maryland, specifically as officers, agents, and employees of Defendant Baltimore County Police Department, itself an agency Baltimore County, a political subdivision of the State of Maryland.

28. By their offensive contact with the Plaintiff, Defendants Twisdale, Stefanik, Johnson, and Hoerr caused a person subject to the Constitution of the State of Maryland to be deprived of rights, privileges, or immunities secured by the Maryland Declaration of Rights and other laws, specifically including, but not limited to, the Article 24 right that no man be taken or imprisoned or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or, in any manner, destroyed, or deprived of his life, liberty or property, but by the judgment of his peers, or by the Law of the land.

29. The Baltimore County Police Department caused the other Defendants' offensive contact with the Plaintiff by establishing formal policies and tolerating informal customs which contributed to the events relevant to this Complaint.

30. The Baltimore County Police Department also caused the other Defendants' offensive contact with the Plaintiff by failing to properly train, supervise, and discipline the officers.

## COUNT III
### (Battery)
*Defendants Twisdale, Stefanik, Johnson, and Hoerr, Individually and in Their Official Capacities.*

31. Paragraphs 1-20 are incorporated into this Count.

32. In the process of arresting the Plaintiff, Defendants Twisdale, Stefanik, Johnson, and Hoerr contacted the Plaintiff.

33. Defendants Twisdale, Stefanik, Johnson, and Hoerr intended to contact the Plaintiff.

34. The contact was harmful and objectively offensive.

35. Defendants Twisdale, Stefanik, Johnson, and Hoerr intended the contact to be harmful and objectively offensive and knew that it would be.

36. The Plaintiff did not consent to the contact.

## COUNT IV
### (Assault)
*Defendants Twisdale, Stefanik, Johnson, and Hoerr, Individually and in Their Official Capacities.*

37. Paragraphs 1-20 are incorporated into this Count.

38. In the process of arresting the Plaintiff, Defendants Twisdale, Stefanik, Johnson, and Hoerr knowingly and intentionally threatened the Plaintiff.

39. Defendants Twisdale, Stefanik, Johnson, and Hoerr objectively and reasonably possessed the apparent present ability to carry out that threat by virtue of being armed and uniformed police officers.

40. Defendant Twisdale's, Stefanik's, Johnson's, and Hoerr's actions raised an apprehension of imminent bodily harm in the Plaintiff's mind.

## COUNT V
### (Negligence)
*Defendants Twisdale, Stefanik, Johnson, and Hoerr, Individually and in Their Official Capacities.*

41. Paragraphs 1-20 are incorporated into this Count.

42. At all times relevant to this Complaint, Defendants Twisdale, Stefanik, Johnson, and Hoerr had a duty of care not to use excessive, unreasonably, or offensive force on any person.

43. Moreover, at all times relevant to this Complaint, Defendants Twisdale, Stefanik, Johnson, and Hoerr had a duty of care to refrain from seizing any person without probable cause that the person had committed a crime or posed an imminent threat to themselves or others.

44. In the process of arresting the Plaintiff, Defendants Twisdale, Stefanik, Johnson, and Hoerr violated their duties of care by using excessive, objectively unreasonable, and offensive force on the Plaintiff.

45. In the process of arresting the Plaintiff, Defendants Twisdale, Stefanik, Johnson, and Hoerr also violated their duties of care by seizing the Plaintiff without probable cause that he had committed a crime or posed a threat to them or others.

46. As a direct and proximate result of Defendants Twisdale, Stefanik, Johnson, and Hoerr violating their duties of care, the Plaintiff experienced pain and suffering, suffered physical and emotional injuries, and lost $2500 in wages.

The Plaintiff Demands a Jury Trial on all Factual Issues Presented herein

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays this Court enter a judgement:

1. As to Count I, a money judgment against all the Defendants in both their individual and official capacities for compensatory, special, and punitive damages together with

costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest.

2. As to Counts II-V, a money judgment against Defendants Twisdale, Stefanik, Johnson, and Hoerr, jointly and severally, for nominal, compensatory, special, and punitive damages.

3. Any and all further relief that the Court finds just and equitable.

_____
Richard E. Schimel
USDC MD Bar # 02843
7315 Wisconsin Avenue
Suite 800 West – Bethesda Crossing
Bethesda, Maryland 20814-3244
(240) 395-4400
rschimel@lawofficesres.com

_____
NATHAN M. F. CHARLES, Esq.
Maryland Attorney 2011200007
11313 Gainsborough Road,
Potomac, MD 20854
717-202-9407
nate@charleslegalandsecurity.com