# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SERGIO LEMARE ROBINSON, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | Civil Action No.: 1:21-cv-2997-LKG |
| THE BALTIMORE COUNTY | * | |
| POLICE DEPARTMENT, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Defendant The Baltimore County Police Department, by and through its undersigned counsel, submits this Memorandum in support of its Motion to Dismiss Complaint.

## INTRODUCTION

Plaintiff's Complaint names as Defendants The Baltimore County Police Department, and four County police officers and makes various allegations pertaining to an encounter between Plaintiff and the officers. (ECF No 2 ¶ 15.) The Complaint brings two counts against the Department, based on violations of the United State Constitution and the Maryland Declaration of Rights. Because these counts do not state a plausible claim for relief, the Department moves for dismissal of the Complaint.

## ARGUMENT

### BECAUSE THE DEPARTMENT IS NOT AN ENTITY THAT CAN BE SUED AND BECAUSE THE COMPLAINT ALLEGES NO FACTS SUPPORTING PLAUSIBLE CLAIMS AGAINST THE DEPARTMENT, THOSE CLAIMS MUST BE DISMISSED.

Plaintiff's Complaint against the Department fails to state a plausible claim for relief for three reasons. First, the Department does not exist as a legal entity that can be sued. Under Rule 17(b)(3), the capacity for a government entity to be sued is determined by state law. Under Maryland law, "absent a statutory or constitutional provision creating a government agency, an 'office' or 'department' bears no unique legal identity, and thus, it cannot be sued." *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 393 (4th Cir. 2014) (citing *Boyer v. State*, 594 A.2d 121, 128 n.9 (1991)). Accordingly, this Court has consistently held that the Baltimore County Police Department is not a legal entity that can be sued. *See, e.g., Lancaster v. Bd. of Educ. of Baltimore County*, No. CV GLR-20-3685, 2021 WL 4148459, at *5 (D. Md. Sept. 13, 2021); *Cottrell v. Baltimore County Police Station (Woodlawn)*, No. CV ELH-21-1493, 2021 WL 2936309, at *2 (D. Md. July 13, 2021); *Borkowski v. Baltimore Cnty.*, 414 F.Supp.3d 788, 804 (D.Md. 2019); *Strebeck v. Balt. Cnty. Police Dep't*, No. JFM-05-2580, 2005 WL 2897932, at *1 (D.Md. Oct. 17, 2005).

Second, the Complaint fails to allege any facts supporting its claims against the Department. The Complaint brings a claim under 42 USC § 1983 (Count I) and Article 24 of the Maryland Declaration of Rights (Count II). The only "factual" allegations to support these claims are that the Department "caused the other Defendants' offensive contact with the Plaintiff by establishing formal policies and tolerating informal customs which contributed to the events relevant to this Complaint" and "caused the other Defendants' offensive contact with the Plaintiff by failing to properly train, supervise, and discipline the officers." (ECF No. 11 §§ 24,

25, 29, 30.) These claims, often referred to as *Monell* and *Longtin* claims, respectively, seek to hold the County vicariously liable for the conduct of the individual police officers. *See, e.g., Devi v. Prince George's County*, No. CV DKC 16-3790, 2017 WL 3592452, at *4 (D. Md. Aug. 21, 2017). But such threadbare, conclusory statements, devoid of any supporting facts, are insufficient to plead a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This Court has applied this principle to this specific context in dismissing such claims. *See, e.g., Talley v. Anne Arundel County, Maryland,* No. CV RDB-21-347, 2021 WL 4244759, at *13 (D. Md. Sept. 17, 2021) ("Plaintiff offers no facts describing 'the nature of the training' provided to Anne Arundel County police officers"); *Weeden v. Prince George's Cnty.*, Civ. No. GJH-17-2013, 2018 WL 2694441, at *4 n.10 (D. Md. June 4, 2018) (*Monell* and *Longtin* claims dismissed for failure to allege specific policy or custom); *Knox v. Mayor & City Council Balt. City*, Civ. No. JKB-17-1384, 2017 WL 5903709, at *9 (D. Md. Nov. 30, 2017) (same); *Devi*, 2017 WL 3592452, at *4 (D. Md. Aug. 21, 2017) (same); *McMahon v. Cnty. Comm'rs of Kent Cnty.*, Civ. No. JFM-13-490, 2013 WL 2285378, at *4 n.6 (D. Md. May 21, 2013) (same); *Flanagan v. Anne Arundel County*, 593 F. Supp. 2d 803, 810 (D. Md. 2009) (allegation that the County defendants "failed to properly train and/or supervise Defendant [officer] to prevent his conduct" is a mere legal conclusion without any factual basis sufficient to sustain a plausible claim). Because Plaintiff's claims against the Department consist solely of two brief conclusory statements without any supporting facts, they must be dismissed.

Lastly, the state law claim against the County must be dismissed for the additional reason that Plaintiff has not alleged compliance with Maryland's Local Government Tort Claims Act. Under that statute, "an action for unliquidated damages may not be brought against a local government or its employees unless the notice of the claim required by this section is given within 1 year after the injury." Md. Code Ann., Cts. & Jud. Proc. § 5-304(b)(1). Maryland's Court of Appeals has held that satisfaction of the notice requirement is a "condition precedent" to bringing a claim that falls under the Local Government Tort Claims Act and a plaintiff must affirmatively plead satisfaction of this condition. *Hansen v. City of Laurel*, 420 Md. 670, 681–84 (2011). "If a plaintiff omits this step, he or she is subject to a motion to dismiss, for instance, based on a failure to state a claim upon which relief can be granted." *Id.* at 694. Accordingly, this Court has recognized repeatedly that a complaint that fails to allege compliance with the notice requirement is subject to dismissal. *See, e.g., Shakeri v. Prince George's County*, No. GJH-21-00549, 2022 WL 103095, at *4 (D. Md. Jan. 10, 2022); *Corbitt v. Baltimore City Police Dep't*, No. CV RDB-20-3431, 2021 WL 3510579, at *4–5 (D. Md. Aug. 10, 2021). Because the Complaint makes no mention of providing the requisite notice—it does not mention the Local Government Tort Claims Act at all—the state law claim against the Department must be dismissed.

WHEREFORE, Defendant The Baltimore County Police Department respectfully requests this Honorable Court issue an Order dismissing the Complaint against it.

Respectfully submitted,

**JAMES R. BENJAMIN, JR.**
Baltimore County Attorney

/s/_____
Bradley J. Neitzel
Assistant County Attorney
Bar No.: 26787
Email: bneitzel@baltimorecountymd.gov

Baltimore County Office of Law
400 Washington Avenue, Suite 219
Towson, Maryland 21204
Telephone: (410) 887-2364
Facsimile: (410) 296-0931
*Counsel for Defendant*
*The Baltimore County Police Department*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of January 2022, a copy of the foregoing was served via the Court's electronic filing system on all counsel of record.

/s/_____
Bradley J. Neitzel