IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Sergio Lemare Robinson,<br><br>      Plaintiff<br><br>      v.<br><br>Baltimore County, Maryland,<br><br>Officer FNU Twisdale (Badge # 5233),<br><br>Officer FNU Stefanik (Badge # 5828),<br><br>Officer FNU Johnson (Badge # 5172),<br><br>Officer FNU Hoerr (Badge # 4164), and<br><br>Other Officers and Agents of Baltimore County, yet unknown,<br><br>      Defendants | Case No. 1:21-cv-02997-BPG<br><br>JURY TRIAL DEMANDED PURSUANT TO F.R.C.P. 38(b) |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, Sergio Robinson, by his attorney, Nathan M. F. Charles, Esq., respectfully submits this Complaint and Demand For Jury Trial in accordance with F.R.C.P. 3 and F.R.C.P. 15(a)(1)(B). The Plaintiff represents to this Honorable Court as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over federal questions pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §§ 1983, 1988.

2. Venue is proper in this Court under 28 U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the District of Maryland. Moreover, upon information and belief, all of the parties reside in this Judicial District.

## The Parties

3. The Plaintiff, Sergio Lemare Robinson, is an adult citizen of the United States residing at 3003 Cherryland Road, Unit B, Baltimore, Maryland 21225.

4. Defendant Officer [First Name Unknown] Twisdale (Badge # 5233) is an officer, employee, and agent of Baltimore County, specifically the Baltimore County Police Department.

5. Defendant Officer [First Name Unknown] Stefanik (Badge # 5828), is an officer, employee, and agent of Baltimore County, specifically the Baltimore County Police Department.

6. Officer [First Name Unknown] Johnson (Badge # 5172), is an officer, employee, and agent of Baltimore County, specifically the Baltimore County Police Department.

7. Officer [First Name Unknown] Hoerr (Badge # 4164), is an officer, employee, and agent of Baltimore County, specifically the Baltimore County Police Department.

8. At all times relevant to this Complaint, the Baltimore County Police Department was a department of the Defendant Baltimore County.

9. At all times relevant to this Complaint the County of Baltimore, by, with, and through its Baltimore County Police Department, exercised direction, control, and discipline over Defendants Twisdale, Stefanik, Johnson, and Hoerr.  Specifically, Baltimore County was responsible for the following duties and acts with respect to Defendants Twisdale, Stefanik, Johnson, and Hoerr:

   a. Assessing their mental, physical, and emotional fitness to perform the duties of a police officer during the hiring process;

   b. Assessing their character for public service during the hiring process;

   c. Selecting them over other qualified candidates during the hiring process;

   d. Training them in the basic skills of policing, including but not limited to: proper methods of investigation; proper investigation of a motor vehicle accident; proper responses to vehicle-accident injuries; administration of first aid and tactical casualty care; knowledge of the Maryland and federal criminal codes; knowledge of criminal procedure; proper assessment of facts constituting probable cause that a crime has been committed; proper assessment of facts constituting probable cause that a particular individual has committed a crime; proper methods for the arrest of a person; proper use of deadly force; proper use of less-lethal force; appropriate circumstances for the escalation of force; and safe and effective methods for conflict de-escalation;

   e. Continually reassessing their mental, physical, and emotional fitness to perform the duties of a police officer throughout their service to Baltimore County;

   f. Providing them with advanced training and refresher training throughout their service to Baltimore County;

   g. Correcting the improper performance of their duties;

   h. Disciplining their personal behaviors which might impede the performance of their duties;

   i. Managing their patrol schedules and other watch rotations in a way that ensured they received proper rest and recovery between shifts, and thereby ensure they maintained sufficient mental, physical, and emotional fitness for their duties;

   j. Monitoring the performance of their duties

   k. Intervening in the performance of their duties when and where their actions ran afoul of the law or infringe upon the civil rights of people they are sworn to protect;

  l. Promulgating departmental regulations and orders on all aspects of their profession, including but not limited to traffic stops, traffic-accident investigations, other responses to traffic accidents, the use of force, and force escalation and de-escalation; and

  m. Correcting improper informal customs in their policing.

 10. At all times relevant to this Complaint, Baltimore County was a political subdivision of the State of Maryland and was organized and existed under and by virtue of the laws of Maryland.

### Background

 11. On or about February 28, 2021, the Plaintiff was involved in a car accident near York Road and Shealey Avenue in Towson, Maryland.

 12. Defendants Twisdale, Stefanik, Johnson, and Hoerr responded to the scene of the accident.

 13. Upon arrival at the scene of the accident, Defendants Twisdale, Stefanik, Johnson, and Hoerr used an excessive, objectively unreasonable, and objectively offensive level of force to extract the Plaintiff from his vehicle.

 14. Upon arrival at the scene of the accident, Defendants Twisdale, Stefanik, Johnson, and Hoerr did not have probable cause to believe the Plaintiff had committed any criminal offense for which an arrest of his person would have been proper.

 15. Despite a lack of probable cause, Defendants Twisdale, Stefanik, Johnson, and Hoerr did arrest the Plaintiff.  The Plaintiff did not resist the officers' attempts to arrest him and submitted to their authority.

 16. A reasonable police officer would have known that no probable cause existed to arrest the Plaintiff.

17. In the process of arresting the Plaintiff, Defendants Twisdale, Stefanik, Johnson, and Hoerr used an excessive, objectively unreasonable, and objectively offensive level of force to put the Plaintiff into handcuffs. The offensive contact included, but was not limited to:

   a. Striking the Plaintiff in the head with their fists and other objects;

   b. Throwing the Plaintiff to the ground;

   c. Slamming the Plaintiff's head against the ground;

   d. Pinning the Plaintiff to the ground with the Defendants' knees;

   e. Pointing a police taser at the Plaintiff; and

   f. Threatening the Plaintiff with the discharge and activation of the police taser into his body.

18. A reasonable police officer would have known that the level of force Defendants Twisdale, Stefanik, Johnson, and Hoerr used against the Plaintiff – who was not resisting arrest – was excessive, objectively unreasonable, and objectively offensive in violation of the Fourth Amendment to the U.S. Constitution and the Maryland Declaration of Rights.

19. As a direct and proximate result of the offensive contact, the Plaintiff suffered head, neck, and back injuries that required medical attention. The Plaintiff's convalescence caused him to miss work for a month, resulting in approximately $2500 in lost wages.

20. The Plaintiff suffered shock and numerous pains during the offensive contact. Additionally, the Plaintiff has continued to suffer head, neck, and back pain from his injuries.

21. The Defendants' conduct also caused and exacerbated mental health conditions the Plaintiff has suffered since the unlawful contact, including but not limited to, post-traumatic stress disorders, depression, and anxiety.

22. The Plaintiff did not consent to any of the offensive contacts herein discussed.

23. At the time of their offensive contact with the Plaintiff, Defendants Twisdale, Stefanik, Johnson, and Hoerr did not possess probable cause to believe that the Plaintiff posed an imminent threat to themselves or any other person.

24. At the time of the offensive contact, Defendants Twisdale, Stefanik, Johnson, and Hoerr did not possess the public authority to make the offensive contact with the Plaintiff or possess any other legal justification.

**Compliance with the Maryland Local Government Tort Claims Act**

25. On or about February 3, 2022, the Plaintiff satisfied his duty under the Maryland Local Government Tort Claims Act, specifically MD Code, Courts and Judicial Proceedings, § 5-304, by causing a letter to be sent to James R. Benjamin, Jr. as the Baltimore County Attorney informing him of the claims described in this Amended Complaint. The Plaintiff caused the letter to be sent by certified mail, return receipt requested, bearing a postmark from the United States Postal Service, by the representative of the claimant, specifically the undersigned attorney. The Plaintiff caused the letter to be sent to the Baltimore County Attorney's Office at 400 Washington Avenue, Towson, Maryland, 21204. The Plaintiff also caused the letter to be sent to the County Attorney via electronic mail.

26. In addition to the notice described in Paragraph 25, Defendant Baltimore County was on constructive notice of the claims outlined in this Amended Complaint well before one year following the events described herein. Defendant Baltimore County was on constructive notice by virtue of reports the Plaintiff personally made to the Internal Affairs Division of the Baltimore County Police Department concerning the events described herein.

**COUNT I**
**(Deprivation of a Civil Right under 42 U.S.C. § 1983)**
*All Defendants in both their Individual and Official Capacities*

27. Paragraphs 1-26 are incorporated into this Count.

28.     At all times relevant to this Complaint, Defendants Twisdale, Stefanik, Johnson, and Hoerr were acting under color of a statute, ordinance, regulation, custom, or usage, of a State, specifically as officers, agents, and employees of Defendant Baltimore County, a political subdivision of the State of Maryland.

29.     By their offensive contact with the Plaintiff, Defendants Twisdale, Stefanik, Johnson, and Hoerr subjected a citizen of the United States to the deprivation of rights, privileges, or immunities secured by the Constitution of the United States and other laws, specifically including, but not limited to, the Fourth Amendment right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.

30.     Defendant Baltimore County, by, with, and through its Baltimore County Police Department, caused the other Defendants' offensive contact with the Plaintiff by establishing formal policies and tolerating informal customs which contributed to the events relevant to this Complaint. Specifically, Defendant Baltimore County failed to properly perform the duties and acts outlined in Paragraph 9 of this Amended Complaint.

31.     The Defendant, Baltimore County, by, with, and through its Baltimore County Police Department also caused the other Defendants' offensive contact with the Plaintiff by failing to properly train, supervise, and discipline the officers. Specifically, Defendant Baltimore County failed to properly perform the duties and acts outlined in Paragraph 9 of this Amended Complaint.

### COUNT II
**(Common Law Action for Damages Resulting from Violations of Article 24 of the Maryland Declaration of Rights)**
*All Defendants in both their Individual and Official Capacities.*

32.     Paragraphs 1-26 are incorporated into this Count.

33.     At all times relevant to this Complaint, Defendants Twisdale, Stefanik, Johnson, and Hoerr were acting under color of a statute, ordinance, regulation, custom, or usage, of the State of Maryland, specifically as officers, agents, and employees of Baltimore County, a political subdivision of the State of Maryland.

34.     By their offensive contact with the Plaintiff, Defendants Twisdale, Stefanik, Johnson, and Hoerr caused a person subject to the Constitution of the State of Maryland to be deprived of rights, privileges, or immunities secured by the Maryland Declaration of Rights and other laws, specifically including, but not limited to, the Article 24 right that no man be taken or imprisoned or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or, in any manner, destroyed, or deprived of his life, liberty or property, but by the judgment of his peers, or by the Law of the land.

35.     The Defendant, Baltimore County, by, with, and through its Baltimore County Police Department caused the other Defendants' offensive contact with the Plaintiff by establishing formal policies and tolerating informal customs which contributed to the events relevant to this Complaint.  Specifically, Defendant Baltimore County failed to properly perform the duties and acts outlined in Paragraph 9 of this Amended Complaint.

36.     The Defendant, Baltimore County, by, with, and through its Baltimore County Police Department also caused the other Defendants' offensive contact with the Plaintiff by failing to properly train, supervise, and discipline the officers.  Specifically, Defendant Baltimore County failed to properly perform the duties and acts outlined in Paragraph 9 of this Amended Complaint.

## COUNT III
### (Battery)
*Defendants Twisdale, Stefanik, Johnson, and Hoerr, Individually and in Their Official Capacities.*

37. Paragraphs 1-26 are incorporated into this Count.

38. In the process of arresting the Plaintiff, Defendants Twisdale, Stefanik, Johnson, and Hoerr contacted the Plaintiff.

39. Defendants Twisdale, Stefanik, Johnson, and Hoerr intended to contact the Plaintiff.

40. The contact was harmful and objectively offensive.

41. Defendants Twisdale, Stefanik, Johnson, and Hoerr intended the contact to be harmful and objectively offensive and knew that it would be.

42. The Plaintiff did not consent to the contact.

## COUNT IV
### (Assault)
*Defendants Twisdale, Stefanik, Johnson, and Hoerr, Individually and in Their Official Capacities.*

43. Paragraphs 1-26 are incorporated into this Count.

44. In the process of arresting the Plaintiff, Defendants Twisdale, Stefanik, Johnson, and Hoerr knowingly and intentionally threatened the Plaintiff.

45. Defendants Twisdale, Stefanik, Johnson, and Hoerr objectively and reasonably possessed the apparent present ability to carry out that threat by virtue of being armed and uniformed police officers.

46. Defendant Twisdale's, Stefanik's, Johnson's, and Hoerr's actions raised an apprehension of imminent bodily harm in the Plaintiff's mind.

## COUNT V
**(Negligence)**
*Defendants Twisdale, Stefanik, Johnson, and Hoerr, Individually and in Their Official Capacities.*

47.  Paragraphs 1-26 are incorporated into this Count.

48.  At all times relevant to this Complaint, Defendants Twisdale, Stefanik, Johnson, and Hoerr had a duty of care not to use excessive, unreasonably, or offensive force on any person.

49.  Moreover, at all times relevant to this Complaint, Defendants Twisdale, Stefanik, Johnson, and Hoerr had a duty of care to refrain from seizing any person without probable cause to believe that the person had committed a crime or posed an imminent threat to themselves or others.

50.  In the process of arresting the Plaintiff, Defendants Twisdale, Stefanik, Johnson, and Hoerr violated their duties of care by using excessive, objectively unreasonable, and offensive force on the Plaintiff.

51.  In the process of arresting the Plaintiff, Defendants Twisdale, Stefanik, Johnson, and Hoerr also violated their duties of care by seizing the Plaintiff without probable cause that he had committed a crime or posed a threat to them or others.

52.  As a direct and proximate result of Defendants Twisdale, Stefanik, Johnson, and Hoerr violating their duties of care, the Plaintiff experienced pain and suffering; suffered mental, physical, and emotional injuries; and lost $2500 in wages.

## COUNT VI
**(Negligence)**
*Defendant Baltimore County.*

53.  Paragraphs 1-26 are incorporated into this Count.

10

54. At all times relevant to this Complaint, Defendant Baltimore County had a duty of care to assess, select, and train police officers, including Officers Twisdale, Stefanik, Johnson, and Hoer, in such a manner as to prevent those police officers from unlawfully seizing any person and prevent those officers from using excessive, unreasonable, or offensive force on any person.

55. At all times relevant to this Complaint, Defendant Baltimore County had a duty of care to lead, manage, monitor, evaluate, instruct, and discipline its police officer, including Officers Twisdale, Stefanik, Johnson, and Hoerr, in such a manner as to prevent those police officers from unlawfully seizing any person and prevent those officers from using excessive, unreasonable, or offensive force on any person.

56. Defendant Baltimore County violated those duties of care to the Plaintiff by failing to properly assess, select, and train Officers Twisdale, Stefanik, Johnson, and Hoer and thereby ensure those officers did not unlawfully seize the Plaintiff or use excessive, unreasonable, or offensive force on the Plaintiff.

57. Defendant Baltimore County also violated those duties of care to the Plaintiff by failing to properly lead, manage, monitor, evaluate, instruct, and discipline Officers Twisdale, Stefanik, Johnson, and Hoer and thereby ensure those officers did not unlawfully seize the Plaintiff or use excessive, unreasonable, or offensive force on the Plaintiff.

58. As a direct and proximate result of Defendant Baltimore Country violating their duties of care to the Plaintiff, the Plaintiff experienced pain and suffering; suffered mental, physical, and emotional injuries; and lost $2500 in wages.

**The Plaintiff Demands a Jury Trial on all Factual Issues Presented herein**

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays this Court enter a judgement:

1. As to Counts I and II, a money judgment against all the Defendants in both their individual and official capacities for compensatory, special, and punitive damages together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest.

2. As to Counts III and IV, a money judgment against Defendants Twisdale, Stefanik, Johnson, and Hoerr, jointly and severally, for nominal, compensatory, special, and punitive damages.

3. As to Count V, a money judgment against Defendants Twisdale, Stefanik, Johnson, and Hoerr, jointly and severally, for nominal, compensatory, and special damages.

4. As to Count VI, a money judgment against Defendant Baltimore County for nominal, compensatory, and special damages.

5. Any and all further relief that the Court finds just and equitable.

NATHAN M. F. CHARLES, Esq.
Maryland Attorney 2011200007
U.S. District Court for the District of Maryland Attorney 22007
11313 Gainsborough Road,
Potomac, MD 20854
717-202-9407
nate@charleslegalandsecurity.com

