UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SERGIO LEMARE ROBINSON,     *
                                                      *
           Plaintiff,       *
    v.                                             *
                                                      *     Civil Action No.: 1:21-cv-2997-LKG
THE BALTIMORE COUNTY       *
POLICE DEPARTMENT, et al.,    *
                                                      *
          Defendants.     *
                                                        *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

Defendant Baltimore County, Maryland, by and through its undersigned counsel, submits this Memorandum in support of its Motion to Dismiss Amended Complaint.

## INTRODUCTION

Plaintiff's Amended Complaint names as Defendants Baltimore County, Maryland ("County") and four County police officers and makes various allegations pertaining to an encounter between Plaintiff and the officers. (ECF No. 18 ¶¶ 11–24.) The Complaint brings three counts against the County: Counts I and II based on violations of the Fourth Amendment and Article 24 of the Maryland Declaration of Rights, respectively, and Count VI based on negligence. Because these counts do not state a plausible claim for relief, the County moves for dismissal of the Amended Complaint.

## ARGUMENT

I. **BECAUSE THE AMENDED COMPLAINT FAILS TO ALLEGE FACTS SHOWING THE COUNTY PLAUSIBLY COMMITTED CONSTITUTIONAL**

VIOLATIONS, COUNTS I AND II AGAINST THE COUNTY MUST BE DISMISSED.

A county may only be liable under 42 § 1983 "when a municipality's 'policy or custom' has caused the violation of an individual's federal rights." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 296 (2002) (citing *Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658, 690–695 (1978)). "A policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that 'manifest [s] deliberate indifference to the rights of citizens'; or (4) through a practice that is so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.'" *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (quoting *Carter v. Morris*, 164 F.3d 215, 217 (4th Cir.1999)) (internal citations omitted). Against this backdrop, Count I contains two claims that the County is liable under 42 § 1983: (1) the County "caused the other Defendants' offensive contact with the Plaintiff by establishing formal policies and tolerating informal customs which contributed to the events relevant to this Complaint" (ECF No. 18 ¶ 30) and (2) the County "caused the other Defendants' offensive contact with the Plaintiff by failing to properly train, supervise, and discipline the officers." (ECF No. 18 ¶ 31.) The Amended Complaint does not allege facts showing the County is plausibly liable under either claim and thus Count I against the County must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("only a complaint that states a plausible claim for relief survives a motion to dismiss").

As to the policy claim, to plausibly allege that a County policy caused a violation of federal rights, the Amended Complaint must allege facts showing a "close fit" between the alleged policy and the alleged violation and must identify the "offending [county] policy with precision." *Carter*, 164 F.3d at 218. The Amended Complaint does neither.

It fails to show any "close fit" between policy and injury by failing to identify either any specific policy or any specific policy decision by any policymaker. *See Lytle*, 326 F.3d at 471. It also fails to connect any such policy to the actions of the individual defendants such that a County policy was an actual cause of any injury. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388–89 (1989) ("a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'") (quoting *Monell* at 694). It merely makes a conclusory statement, without well-pleaded factual support, that the County caused injury by "establishing formal policies." (ECF No. 18 ¶ 30.) Permitting such threadbare allegations to pass muster would allow a plaintiff to do what the Supreme Court has forbade: "imposing liability on municipal decisionmakers in the absence of fault and causation." *Carter* at 218.

Likewise, basing this claim on "tolerating informal customs" (ECF No. 18 ¶ 30) does not save it. A county may only be liable for a custom "when a particular practice 'is so persistent and widespread and so permanent and well settled as to constitute

a custom or usage with the force of law.'" *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727 (4th Cir. 1999) (quoting *Carter* at 218). Accordingly, this Court has repeatedly held that a complaint must allege at least more than one instance of previous illegal conduct to plausibly allege a *Monell* claim based on custom. *See, e.g., Lehan v. Wilson*, No. GJH-21-00362, 2022 WL 703928, at *6 (D. Md. Mar. 8, 2022) ("single, isolated instance of alleged misconduct apart from the allegations giving rise to the instant suit, is an insufficient basis upon which the Court can infer municipal liability"); *Talley v. Anne Arundel Cty., Maryland*, No. 21-cv-347-RDB, 2021 WL 4244759, at *14 (D. Md. Sept. 17, 2021) ("Alleging such a [persistent and widespread] practice requires a plaintiff to plead prior instances of similar conduct."); *Weeden v. Prince George's Cty.*, No. 17-cv-2013-GJH, 2018 WL 2694441, at *4 (D. Md. June 4, 2018) ("plaintiff must allege numerous particular instances of unconstitutional conduct in order to establish a custom or practice"); *McMahon v. County Com'rs of Kent County*, No. CIV. JFM-13-490, 2013 WL 2285378, at *4 (D. Md. May 21, 2013) ("where the plaintiff alleges neither the existence of a policy nor specific incidents of similar conduct, the complaint does not support a plausible and reasonable inference that municipal policy or custom caused the plaintiff's constitutional deprivations." The Amended Complaint mentions *no previous instances of conduct* similar to the alleged conduct by the individual officers, let alone enough to establish a custom. Thus it does not plausibly allege a *Monell* claim based on custom.

The "failure to train, supervise, and discipline" claim in Count I fares no better. Regarding such claims, it is "[o]nly where a failure to train reflects a 'deliberate' or 'conscious' choice ... [that] a [county may] be liable[.]" *Lehan v. Wilson*, No. GJH-21-00362, 2022 WL 703928, at *8 (D. Md. Mar. 8, 2022) (quoting and citing *Harris*, 489 U.S. at 388–89) ("the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact"). Thus a complaint "should contain facts revealing (1) the nature of the training, (2) that the training was a 'deliberate or conscious' choice by the municipality, and (3) that the officer's conduct resulted from said training." *Lewis v. Simms*, No. 11-cv-2172, 2012 WL 254024, at *3 (D. Md. Jan. 26, 2012) (citing *Drewry v. Stevenson*, No. 09-cv-2340-WDQ, 2010 WL 93268, at *4 (D. Md. Jan. 6, 2010)). *Accord Rico v. Green*, No. GJH-18-1949, 2021 WL 1215775, at *30 (D. Md. Mar. 30, 2021); *see McDonnell v. Hewitt-Angleberger*, Civ. No. WMN-11-3284, 2012 WL 1378636, at *4 (D. Md. April 19, 2012) ("[P]ointing to a total of three incidents of alleged police brutality over a period of two and a half years is insufficient to demonstrate a pattern that could reasonably put the County on constructive notice of a deficiency in the training program."). The Amended Complaint contains insufficient facts to meet this bar. It merely makes conclusory statements that the County's failure to train the officers caused the alleged harm. But "[t]hat a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program. "*Harris*, 489 U.S. at 390–91 (1989). It

will not suffice to allege that an injury "could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct. Such a claim could be made about almost any encounter resulting in injury, yet not condemn the adequacy of the program to enable officers to respond properly to the usual and recurring situations with which they must deal. And plainly, adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable." *Id.* at 391.

Count II, the parallel Maryland constitutional claim, repeats the Count I allegations verbatim (*see* ECF No. 18 ¶¶ 30, 31, 35, 36) and thus must also be dismissed for the same reasons. This Maryland "pattern and practice" claim is also known as a "*Longtin*" claim and is the Maryland parallel to a *Monell* claim. *See Prince George's Cty. v. Longtin*, 419 Md. 450, 496 (2011) (Article 24 of the Maryland Declaration of Rights "provides protection to individuals against unconstitutional 'pattern and practices' of municipalities."); *Rosa v. Bd. of Educ. of Charles County, Md.*, No. 8:11-CV-02873-AW, 2012 WL 3715331, at *9 (D. Md. Aug. 27, 2012) ("*Longtin* claims are essentially Maryland's version of *Monell* claims"). Thus, like *Monell* claims, *Longtin* claims against a county require allegations that the alleged injury was more than an "isolated incident." *Longtin*, 419 Md. At 497. Accordingly, this Court applies the same analysis to *Monell* claims as *Longtin* claims when evaluating the sufficiency of a complaint. *See, e.g., Lehan* at *5 ("analyzed together");*Talley* at *13 (D. Md. Sept. 17, 2021) ("analyzed in tandem"); *Brown v.*

*Bratton*, No. CV ELH-19-1450, 2020 WL 886142, at *33 (D. Md. Feb. 21, 2020); *McCullough v. Anne Arundel County, Maryland*, No. CV CCB-19-926, 2020 WL 836235, at *7 (D. Md. Feb. 20, 2020); *Reid v. Munyan*, No. CIV.A. WMN-12-1345, 2012 WL 4324908, at *5 (D. Md. Sept. 18, 2012) ("Count X is a near identical claim under Article 24 of the Maryland Declaration of Rights as Count XIII under § 1983. It could be dismissed for the same reason"). Therefore, because Count I fails to plausibly plead a claim based on "pattern or practice," so does Count II.

## II. BECAUSE THE COUNTY HAS IMMUNITY FROM NEGLIGENCE CLAIMS, COUNT VI MUST BE DISMISSED.

Count VI must be dismissed because the County has immunity from negligence claims, for two independent reasons. First, broadly speaking, counties have governmental immunity, i.e. "shielded from tort liability for governmental actions," unless waived by Maryland's legislature. *Williams v. Prince George's County*, 112 Md. App. 526, 553 (1996). *See Doe v. Cmty. Coll. of Baltimore County*, No. CV ELH-21-180, 2022 WL 125273, at *12 (D. Md. Jan. 13, 2022) ("counties in Maryland enjoy governmental immunity in negligence actions when the conduct on which the suit is based is governmental, not proprietary") (citing *Pavelka v. Carter*, 996 F.2d 645, 648 (4th Cir. 1993)). "The operation by a county of its police department is quintessentially governmental." *Clark v. Prince George's County*, 211 Md. App. 548, 558–59 (2013); *DiPino v. Davis*, 354 Md. 18, 48 (1999) (enforcing the criminal law is "quintessentially governmental").

The General Assembly has never waived the governmental immunity of counties from direct suit. Unlike the Maryland Tort Claims Act, which waives the State's

7

sovereign immunity from direct suit, the LGTCA does not waive the County's governmental immunity "in any extent more broad than its duty to indemnify employees." *Livesay v. Baltimore County*, 384 Md. 1, 20 (2004). The LGTCA also does not ... authorize any actions directly against local governments...." *Id.* (quoting *Williams v. Maynard*, 359 Md. 379, 394 (2000)); *Baltimore Police Dept. v. Cherkes*, 140 Md. App. 282, 320–21 (2001); *Nam v. Montgomery County*, 127 Md. App. 172, 185 (1999). *See also, e.g., Ledergerber v. Blubaugh*, No. CV JKB-20-1208, 2020 WL 7029868, at *4 (D. Md. Nov. 30, 2020) ("County is immune to direct suit for Maryland torts because [LGTCA] 'does not waive governmental immunity or otherwise authorize any actions directly against local governments.'" (quoting *Williams at* 394 (2000)); *Paulone v. City of Frederick*, 787 F. Supp. 2d 360, 378 (D. Md. 2011) (County is entitled to summary judgment as to plaintiff's claim for negligent training and supervision because "Under Maryland law, counties enjoy governmental immunity from tort liability with respect to 'nonconstitutional torts based on activity categorized as governmental.'") (quoting *Housing Auth. of Balt. City v. Bennett*, 359 Md. 356, 361 (2000)). Thus, the County has immunity from a negligence claim based on the operation of the County police department. For this reason alone, Count VI against the County must be dismissed.

This count could also be dismissed on the independent ground of public official immunity. Public officials have immunity from liability for torts based on negligence and in the absence of malice. *See, e.g., Smith v. Danielczyk*, 400 Md. 98, 128–29 (2007); *DiPino v. Davis*, 354 Md. 18, 49 (1999). Police officers are public officials for

8

the purpose of this public official immunity. *Cooper v. Rodriguez*, 443 Md. 680, 727 (2015). Thus, any individual police officer would have public official immunity to this negligence claim.

The LGTCA states that a county "may assert on its own behalf any common law or statutory defense or immunity … possessed by its employee for whose tortious act or omission the claim against the [county] is premised and a [county] may only be held liable to the extent that a judgment could have been rendered against such an employee under this subtitle. Md. Code Ann., Cts. & Jud. Proc. § 5-303(e); *see Hines v. French*, 157 Md. App. 536, 571 (2004) ("C.J. § 5–303(e) permits the local government to utilize any immunity defense possessed by its employees"). Because Count VI against the County is premised upon the conduct of County police employees, the County may assert on its own behalf the public official immunity available to its police officers when committing negligent acts.

WHEREFORE, Defendant Baltimore County, Maryland respectfully requests this Honorable Court issue an Order dismissing the claims against it.

        Respectfully submitted,

        **JAMES R. BENJAMIN, JR.**
        Baltimore County Attorney

        /s/
        Bradley J. Neitzel
        Assistant County Attorney
        Bar No.: 26787
        Email: bneitzel@baltimorecountymd.gov

Baltimore County Office of Law
400 Washington Avenue, Suite 219
Towson, Maryland 21204
Telephone: (410) 887-2364
Facsimile: (410) 296-0931
*Counsel for Defendant
Baltimore County, Maryland*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of March 2022, a copy of the foregoing was served via the Court's electronic filing system on all counsel of record.

/s/
Bradley J. Neitzel