**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| SERGIO LEMARE ROBINSON, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 21-cv-02997-LKG |
| v. | ) ) | Dated:  August 18, 2022 |
| BALTIMORE COUNTY, MARYLAND *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

This civil action involves Section 1983, Article 24 of the Maryland Declaration of Rights and Maryland state law claims arising from an encounter that plaintiff had with certain officers of the Baltimore County Police Department (the "BCPD"). *See generally* Am. Compl., ECF No. 18. Defendant Baltimore County has moved to dismiss all claims against it for failure to state a claim for which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). *See generally* Def. 2d Mot., ECF No. 21; Def. 2d Mem., ECF No. 21-1. This motion is fully briefed. *See* Pl. Resp., ECF No. 23; Def. Reply, ECF No. 24. No hearing is necessary to resolve this motion. *See* L.R. 105.6 (D. Md. 2021). For the reasons that follow, the Court **GRANTS** Baltimore County's motion to dismiss and **DISMISSES** all claims against Baltimore County.

### II.  FACTUAL AND PROCEDURAL BACKGROUND[1]

#### A.  Factual Background

In this civil action, plaintiff, Sergio Lemare Robinson, brings claims pursuant to Section 1983, Article 24 of the Maryland Declaration of Rights and Maryland state law against

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the amended complaint ("Am. Compl."); defendant's second motion to dismiss ("Def. 2d Mot."); and the memorandum in support thereof ("Def. 2d Mem.").

Baltimore County (the "County") and four officers of the BCPD (collectively, the "Defendant Officers"), related to an encounter that he had with the Defendant Officers on or about February 28, 2021. *See generally* Am. Compl.  Specifically, plaintiff asserts the following claims in the amended complaint:   Deprivation of rights under 42 U.S.C. § 1983 against all defendants (Count I); Violation of Article 24 of the Maryland Declaration of Rights against all defendants (Count II); Battery against the Defendant Officers (Count III); Assault against the Defendant Officers (Count IV); Negligence against the Defendant Officers (Count V); and Negligence against the County (Count VI).  *See id.* at ¶¶ 27-58.  As relief, plaintiff seeks to recover, among other things, monetary damages from defendants.  *Id.* at Prayer for relief.

As background, plaintiff is a Maryland resident.  *Id.* at ¶ 3.  Defendants Twisdale, Stefanik, Johnson, and Hoerr are officers of the BCPD.  *Id.* at ¶¶ 4-8.  The BCPD is a department of the County.  *Id.* at ¶ 9.

On or about February 28, 2021, plaintiff was involved in a car accident that occurred near York Road and Shealey Avenue in Towson, Maryland.  *Id.* at ¶ 11.  The Defendant Officers responded to the scene of the accident.  *Id.* at ¶ 12.  The Defendant Officers arrested plaintiff at the scene of the accident.  *Id.* at ¶ 15.

Plaintiff alleges that the Defendant Officers did not have probable cause to believe he had committed any criminal offense for which an arrest would have been proper.  *Id.* at ¶ 14. Plaintiff also alleges that, upon their arrival at the scene of the accident, the Defendant Officers used an excessive level of force to extract him from his vehicle.  *Id.* at ¶ 13.

In this regard, plaintiff alleges that the Defendant Officers "used an excessive, objectively unreasonable, and objectively offensive level of force to put [him] into handcuffs" during "the process of arresting [him]."  *Id.* at ¶ 17.  Specifically, plaintiff contends that the Defendant Officers' "offensive contact" included, but was not limited to:

> Striking the Plaintiff in the head with their fists and other objects;
> Throwing the Plaintiff to the ground;
> Slamming the Plaintiff's head against the ground;
> Pinning the Plaintiff to the ground with the Defendants' knees;
> Pointing a police taser at the Plaintiff; and
> Threatening the Plaintiff with the discharge and activation of the police taser into his body.

2

*Id.*

In addition, plaintiff contends that he suffered head, neck, and back injuries that required medical attention, as a direct and proximate result of the above-described "offensive contact." *Id.* at ¶ 19. Given this, plaintiff alleges that his "convalescence caused him to miss work for a month, resulting in approximately $2500 in lost wages," and that he "suffered shock and numerous pains during the offensive contact." *Id.* at ¶¶ 19-20. And so, plaintiff seeks to recover, among other things, monetary damages from defendants. *Id.* at Prayer for Relief.

### B. Procedural Background

Plaintiff commenced this action on November 22, 2021, and he amended the complaint on February 28, 2022. *See* Compl., ECF No. 1; Am. Compl. The County initially moved to dismiss this matter for failure to state a claim on January 31, 2022. *See* Def. 1st Mot., ECF No. 15; Def. 1st Mem., ECF No. 15-1. After plaintiff amended the complaint, the County filed a renewed motion to dismiss this matter for failure to state a claim on March 30, 2022. *See* Def. 2d Mot.; Def. 2d Mem.

Plaintiff filed a response in opposition to the County's motion to dismiss on April 15, 2022. *See* Pl. Resp. The County filed a reply in support of its motion to dismiss on April 29, 2022. *See* Def. Reply.

The County's motion to dismiss having been fully briefed, the Court resolves the pending motion.

## III. LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253

(4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker,* 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989)).

### B.     Section 1983 And *Monell* Claims

Title 42, United States Code, section 1983 provides a mechanism for individuals who have had their constitutional rights violated to seek a remedy against individual state actors. *See* 42 U.S.C. § 1983 (providing that if any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives a United States citizen of any constitutional right, that person may be liable in a suit for money damages). Section 1983 permits a plaintiff to bring a claim directly against a municipality if the municipality causes a deprivation of a constitutional right through an official policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). But, "a municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (emphasis in original).

Given this, a local government, such as the County, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694. And so, the Supreme Court has held that a municipality may be liable under § 1983 "when a municipality's policy or custom has caused the violation of an individual's federal rights." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 296 (2002) (J. Stevens, dissenting).

A *Monell* plaintiff need only meet the basic "short and plain statement" requirement of Fed. R. Civ. P. 8(a) in the complaint. *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993). But, the United States Court of Appeals for the Fourth Circuit has held that a *Monell* plaintiff must adequately plead "the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights." *Jordan ex rel. Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994).

4

The Fourth Circuit has also held that "a municipal policy or custom giving rise to § 1983 liability will not be inferred merely from municipal inaction in the face of isolated constitutional deprivations by municipal employees." *Milligan v. City of Newport News*, 743 F.2d 227, 230 (4th Cir. 1984). And so, the municipality's conduct must demonstrate "deliberate indifference to the rights of potentially affected citizens," in order for conduct to be properly thought of as a "policy." *Jones v. Wellham*, 104 F.3d 620, 626 (4th Cir. 1997).

In this regard, the Fourth Circuit has held that a plaintiff can demonstrate the existence of a policy or custom for which a municipality may be liable in four ways: "(1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that manifest[s] deliberate indifference to the rights of citizens; or (4) through a practice that is so 'persistent and widespread' as to constitute a custom or usage with the force of law." *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (citation omitted) (brackets in original).[2] This Court has also held that "[a] plaintiff must allege numerous particular instances of unconstitutional conduct in order to establish a custom or practice, because 'a municipality is not liable for mere isolated incidents of unconstitutional conduct by subordinate employees.'" *Weeden v. Prince George's Cty.*, No. 17-2013, 2018 WL 2694441, at *4 (D. Md. June 4, 2018) (quoting *Smith v. Ray*, 409 F. App'x. 641, 651 (4th Cir. 2011); *see also Talley v. Anne Arundel Cty.*, No. 21-347, 2021 WL 4244759, at *14 (D. Md. Sept. 17, 2021) ("Alleging such a [persistent and widespread] practice requires a plaintiff to plead prior instances of similar conduct.").

Lastly, so-called "'*Longtin* claims are essentially Maryland's version of *Monell* claims.'" *Devi v. Prince George's Cty.*, No. 16-3790, 2017 WL 3592452, at *4 (D. Md.

---

[2] "Under a *Monell* condonation theory of liability, a municipality is liable if its policymakers fail "'to put a stop to or correct a widespread pattern of unconstitutional conduct.'" *Cottman v. Balt. Police Dep't*, No. 21-837, 2022 WL 137735, at *6 (D. Md. Jan. 13, 2022) (quoting *Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379, 402 (4th Cir. 2014)). To state a claim for liability under this theory, a plaintiff must point to: "'[A] persistent and widespread practice[] of municipal officials,' the 'duration and frequency' of which indicate that policymakers (1) had actual or constructive knowledge of the conduct, and (2) failed to correct it due to their 'deliberate indifference.' Both knowledge and indifference can be inferred from the 'extent' of employees' misconduct. Sporadic or isolated violations of rights will not give rise to *Monell* liability; only 'widespread or flagrant' violations will." *Owens*, 767 F.3d at 402-03 (internal citations omitted) (quoting *Spell v. McDaniel*, 824 F.2d 1380, 1390 (4th Cir. 1987)).

Aug. 21, 2017) (quoting *Rosa v. Bd. of Educ.*, No. 11-2873, 2012 WL 3715331, at *9 (D. Md. Aug. 27, 2012)). Given this, "Maryland, like the federal government, imposes liability on municipalities for widespread patterns or practices that cause constitutional injuries." *McMahon v. Cty. Comm'rs*, No. 13-490, 2013 WL 2285378, at *4 n.6 (D. Md. May 21, 2013) (citing *Prince George's Cty. v. Longtin*, 19 A.3d 859, 886-88 (Md. 2011)). The Court analyzes *Longtin* and *Monell* claims together. *See id*.

### IV.   LEGAL ANALYSIS

The County has moved to dismiss Counts I, II and VI of the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6), upon the grounds that: (1) the amended complaint fails to allege facts to plausibly show that the County committed constitutional violations and (2) the County has immunity from plaintiff's negligence claim. *See generally* Def. 2d Mem. Specifically, the County argues that the Court should dismiss plaintiff's *Monell* claim in Count I of the amended complaint, because the amended complaint fails to identify a specific policy or policy decision to establish any "close fit" between the policy and plaintiff's injury, and the amended complaint also fails to connect any such policy to the actions of the Defendant Officers. *Id*. at 2-3. The County also argues that plaintiff's *Monell* claim based upon tolerating informal customs is not plausible, because the amended complaint mentions no previous instances of conduct that are similar to the alleged conduct of the Defendant Officers. *Id*. at 3-4.

In addition, the County contends that plaintiff's *Monell* claim based upon failure to train, supervise and discipline is deficient, because the amended complaint lacks facts to show either: (1) the nature of the BCPD's training; (2) that the training was a deliberate or conscious choice by the County, or (3) that the Defendant Officers' conduct resulted from this training. *Id*. at 5-6. For these same reasons, the County argues that the Court also should dismiss plaintiff's *Longtin* claim in Count II of the amended complaint. *Id*. at 6-7. Lastly, the County seeks dismissal of plaintiff's negligence claim in Count VI of the amended complaint, because the County has immunity from a negligence claim based upon the operation of the BCPD. *Id*. at 7-8.

In his response in opposition to the County's motion to dismiss, plaintiff concedes that the County has immunity from his negligence claim against the County. Pl. Resp. at 5. But, he counters that dismissal of his *Monell* and *Longtin* claims is not warranted, because the amended complaint contains sufficient factual allegations to implicate the County in the constitutional

6

violations alleged in this case. *Id*. at 5-8 (referencing paragraph 9 of the amended complaint). Plaintiff further argues that he has no way to allege the precise ways that the County failed to properly train the Defendant Officers, because the County has refused to provide the Defendant Officers' training records at this stage in the litigation. *Id*. at 9-10. And so, plaintiff joins the County's motion to dismiss Count VI of the amended complaint and requests that the Court, otherwise, deny the County's motion to dismiss. *Id*. at 14. Alternatively, plaintiff seeks to further amend the complaint. *Id*.

For the reasons that follow, dismissal of Count VI of the amended complaint is warranted, because the County has immunity from plaintiff's negligence claim. A careful reading of the amended complaint also shows that plaintiff has not alleged sufficient facts to state a plausible *Monell* or *Longtin* claim against the County. And so, the Court **GRANTS** the County's motion to dismiss and **DISMISSES** all claims against the County.

### A.     The Court Dismisses Count VI

As an initial matter, the Court dismisses Count VI of the amended complaint, because the County is immune from suit based upon plaintiff's negligence claim. As both parties acknowledge, this Court has recognized that "counties in Maryland enjoy governmental immunity in negligence actions when the conduct on which the suit is based is governmental, not proprietary." *See Doe v. Cmty. Coll. of Balt. Cty.*, No. 21-180, 2022 WL 971079, at *12 (D. Md. Mar. 30, 2022) (citing *Pavelka v. Carter*, 996 F.2d 645, 648 (4th Cir. 1993)). Maryland courts have also held that "[t]he operation by a county of its police department is quintessentially governmental." *Clark v. Prince George's Cty.*, 65 A.3d 785, 791 (Md. Ct. Spec. App. 2013); *DiPino v. Davis*, 729 A.2d 354, 370, (Md. 1999) (enforcing the criminal law is "quintessentially governmental in nature"); *see also Ledergerber v. Blubaugh*, No. 20-1208, 2020 WL 7029868, at *4 (D. Md. Nov. 30, 2020)(citation omitted) ("County is immune to direct suit for Maryland torts because Maryland's Local Government Tort Claims Act . . . does not waive governmental immunity or otherwise authorize any actions directly against local governments."); *Paulone v. City of Frederick*, 787 F. Supp. 2d 360, 378 (D. Md. 2011). Because plaintiff's negligence claim against the County in this case involves the operation of the BCPD, this claim involves governmental conduct.

Given this, the County has immunity from this negligence claim. And so, the Court GRANTS the County's motion to dismiss plaintiff's negligence claim and DISMISSES Count VI of the amended complaint. Fed. R. Civ. P. 12(b)(6).

### B. Plaintiff Fails To State A Plausible *Monell* Claim Against The County

The County persuasively argues that plaintiff fails to state a plausible *Monell* claim in the amended complaint.

To state a viable *Monell* claim, plaintiff must adequately plead "the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of [his] rights." *Jordan ex rel. Jordan*, 15 F.3d at 338. Plaintiff can demonstrate the existence of such a policy or custom here: "(1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that manifest[s] deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a "custom or usage with the force of law." *Lytle*, 326 F.3d at 471 (citation and internal quotation marks omitted). A careful reading of the amended complaint shows, however, that plaintiff has not provided sufficient factual allegations to satisfy any of these standards in this case.

First, the amended complaint does not contain sufficient facts to plausibly establish the existence of a County policy or custom, through either an express policy, or the decisions of a person with final policymaking authority. Plaintiff alleges in the amended complaint that the County caused the Defendant Officers' alleged "offensive contact," "by establishing formal policies and tolerating informal customs which contributed to the events relevant to [the amended complaint]." Am. Compl. at ¶ 30. But, as the County correctly observes in its motion to dismiss, the amended complaint neither identifies an express policy, through a written ordinance or regulation, nor identifies a policy established through the decisions of a person with final policymaking authority to support this claim.[3] Def. 2d Mem. at 3; *see* Am. Compl. at ¶¶

---

[3] As the County also correctly observes, the amended complaint also fails to allege facts showing a "close fit" between any alleged policy and the alleged violation of his federal rights." Def. 2d Mem. at 3; Am. Compl. at ¶ 30; *see also Carter v Morris*, 164 F.3d 215, 218 (4th Cir. 1999).

8

30-31 (failing to identify a specific County policy).

The amended complaint similarly lacks sufficient factual allegations to plausibly establish the existence of a County policy or custom, due to a failure to properly train its police officers. "[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton*, 489 U.S. at 388-89 (1989). Given this, this Court has held that a complaint "should contain facts revealing: (1) the nature of the training, (2) that the training was a 'deliberate or conscious' choice by the municipality, and (3) that the officer's conduct resulted from said training." *Lewis v. Simms*, No. 11-2172, 2012 WL 254024, at *3 (D. Md. Jan. 26, 2012) (citing *Drewry v. Stevenson*, No. 9-2340, 2010 WL 93268, at *4 (D. Md. Jan. 6, 2010)).

As the County also correctly observes in its motion to dismiss, the amended complaint lacks any facts to show either: (1) the nature of the BCPD's training; (2) that the training was a deliberate or conscious choice by the County, or (3) that the Defendant Officers' conduct resulted from this training. Def. Mem. at 5-6; *see also* Am. Compl. at ¶¶ 30-31. And so, the factual allegations in the amended complaint are not sufficient to establish a plausible *Monell* claim based upon a failure to properly train the Defendant Officers. *Lewis*, 2012 WL 254024, at *3.

Lastly, the amended complaint similarly lacks sufficient factual allegations to plausibly establish the existence of a County policy or custom based upon a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law." *See Lytle*, 326 F.3d at 471. As the Fourth Circuit has held, the County may only be liable for a custom "when a particular practice is so persistent and widespread and so permanent and well settled as to constitute a custom or usage with the force of law." *See Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727 (4th Cir. 1999) (citation and internal quotation marks omitted). Given this, this Court has repeatedly held that a complaint must allege more than one instance of previous illegal conduct to plausibly allege a *Monell* claim based upon custom. *See, e.g.*, *Lehan v. Wilson*, No. 21-362, 2022 WL 703928, at *6 (D. Md. Mar. 8, 2022) (holding that a "single, isolated instance of alleged misconduct apart from the allegations giving rise to the instant suit, is an insufficient basis upon which the Court can infer municipal liability"); *Talley*, 2021 WL 4244759, at *14 (D.

9

Md. Sept. 17, 2021) ("Alleging such a [persistent and widespread] practice requires a plaintiff to plead prior instances of similar conduct."); *Weeden*, 2018 WL 2694441, at *4 ("A plaintiff must allege numerous particular instances of unconstitutional conduct in order to establish a custom or practice.").

Here, the amended complaint contains no facts regarding any previous instances of conduct similar to the alleged "offensive conduct" of the Defendant Officers. *See* Am. Compl. at ¶¶ 30-31. Given this, the amended complaint simply does not plausibly allege a *Monell* claim based on custom.[4] *See Austin*, 195 F.3d at 727.

Because the amended complaint, when read generously, lacks sufficient factual detail to establish the existence of a County policy or custom that led to the alleged "offensive conduct" by the Defendant Officers, plaintiff fails to state a plausible *Monell* claim against the County in the amended complaint. And so, the Court GRANTS the County's motion to dismiss plaintiff's *Monell* claim and DISMISSES Count I of the amended complaint.

        **C.**      **Plaintiff Fails To State A Plausible *Longtin* Claim**

For these same reasons, the Court must also dismiss plaintiffs *Longtin* claim against the County in Count II. In Count II of the amended complaint, plaintiff alleges, among other things, that the County violated Article 24 of the Maryland Declaration of Rights by "establishing formal policies and tolerating informal customs which contributed to" the Defendant Officers' "offensive contact." Am. Compl. at ¶¶ 32-36. This so-called *Longtin* claim is the State of Maryland's version of a *Monell* claim and the Court analyzes this claim in the same manner as plaintiff's *Monell* claim. *See Devi*, 2017 WL 3592452, at *4 (citation omitted). As discussed above, the amended complaint lacks sufficient factual allegations to support such a claim against

---

[4] Plaintiff's argument that the Court should decline to dismiss his *Monell* claim, because he cannot obtain personnel and training records from the County at this early stage in this litigation, is also unavailing. Pl. Resp. at 6-7. While plaintiff correctly observes that he need not prove his *Monell* claim at this early stage of the case, he must still put forward sufficient facts in the amended complaint to plausibly allege this claim and he has not done so here. *See Jordan ex rel. Jordan*, 15 F.3d at 338. Plaintiff's argument that dismissal of his claim is not warranted, because paragraph 9 of the amended complaint lists 13 supervisory functions of the County, is equally unavailing, because these allegations are too general to identify a County policy or custom that could have caused the "offensive conduct" alleged in this case.

the County.  And so, the Court also GRANTS the County's motion to dismiss plaintiff's *Longtin* claim and DISMISSES Count II of the amended complaint.

### D.     Further Amendment Of The Amended Complaint Would Be Futile

As a final matter, plaintiff requests that he be afforded the opportunity to further amend the amended complaint in lieu of dismissing his *Monell* and *Longtin* claims.  Pl. Resp. at 13.  But, plaintiff does not identify the factual information that he is prepared to add to the amended complaint to address the deficiencies identified by the County and the Court.  *Id*.  Given this, plaintiff's proposed amended appears to be futile.

Should plaintiff develop additional facts during discovery to support a *Monell* or *Longtin* claim against the County, he may seek leave to amend the complaint for good cause at that time.  Because he has not made such a showing at this time, the Court DENIES plaintiff's request to further amend the amended complaint.

### V.     CONCLUSION

In sum, dismissal of Count VI of the amended complaint is warranted, because the County has immunity from plaintiff's negligence claim.  In addition, a careful reading of the amended complaint shows that plaintiff has not alleged sufficient facts to state a plausible *Monell* or *Longtin* claim against the County.  And so, for the foregoing reasons, the Court:

1. **GRANTS** the County's motion to dismiss; and
2. **DISMISSES** Counts I, II and VI of the amended complaint against the County.

The remaining defendants in this case shall **ANSWER**, or otherwise respond to, the amended complaint on or before **September 30, 2022**.

**IT IS SO ORDERED.**

                                                      s/Lydia Kay Griggsby
                                                      LYDIA KAY GRIGGSBY
                                                      United States District Judge