IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Sergio Lemare Robinson, <br><br>  Plaintiff <br><br> v. <br><br> Baltimore County, Maryland, <br><br> Officer FNU Twisdale (Badge # 5233), <br><br> Officer FNU Stefanik (Badge # 5828), <br><br> Officer FNU Johnson (Badge # 5172), <br><br> Officer FNU Hoerr (Badge # 4164), and <br><br> Other Officers and Agents of Baltimore County, yet unknown, <br><br>  Defendants | Case No. 1:21-cv-02997-BPG <br><br><br> JURY TRIAL DEMANDED PURSUANT TO F.R.C.P. 38(b) |

## STATUS REPORT

Plaintiff respectfully submits this Status Report in accordance with the Court's *sua sponte* Order of October 12, 2022.  See ECF 28.  The upshot is that Plaintiff is declining to file a motion for sanctions because, as of the date of this report, Baltimore County is substantially in compliance with the Court's order.  However, the begrudging compliance required significant cajoling by Plaintiff.  Moreover, Baltimore County did not meet the deadline on either of the Court's commands.

On October 19, 2022, at 3:32 PM EDT, Plaintiff emailed Defense Counsel to remind them of Defendants' obligations under the Court's order.  The legal department of the Baltimore County Police Department emailed some of the production responsive to Plaintiff's Maryland Public Information Act request at 3:58 PM EDT.

However, the production was incomplete, and not in compliance with the Court's order, in that the Baltimore County Police Department had specifically redacted the full names of all of the officers involved in the attack on Plaintiff.[1] In numerous communications, Plaintiff has been abundantly clear that the key piece of information preventing service of process, in this case has been the legal first names of the offending police officers. The redactions immediately raised the specter that Baltimore County was attempting to thwart service of process while producing just enough information to avoid serious scrutiny. That assessment was corroborated by an email Attorney Neitzel sent at 8:52 PM on October 19, 2022, stating: "Given your complaint contains the last name and badge number for these police officers, and no other plaintiff's counsel I have ever dealt with has had problems serving Baltimore County Police officers with just this information, what information do you require that you don't already have?" See Ex. 1.

Plaintiff responded by pointing out that he could not run a skip trace with just a last name and a badge number. He also pointed out that the full names of the individual defendants were "literally the bare minimum" of information that this Court was likely to find necessary for the service of process. Only the next morning, October 20, 2022, at 9:51 AM EDT, did Baltimore County finally disclose the first and last names of the police officers involved after a year of litigation.

October 20, 2022, at 11:01 AM, Plaintiff dispatched copies of the Summons and Complaint in this case for service on the four individual defendants. As of the date and time of this report, Plaintiff has successfully served process on Robert H. Hoerr and Paul A. Stefanick.

---

[1] The production included a cover letter stating that Baltimore County was refusing to produce some information because Plaintiff never responded to a letter asking him to further scope his requests. Neither Plaintiff nor Plaintiff's Counsel has any record of ever receiving the cited letter, which on its face states it was sent via email. See Ex. 2. Despite requests for proof that it was ever actually sent, the Baltimore County Police Department has declined to provide any. At this point, it is safe to say that the Baltimore County Police Department is still delinquent in the production of those documents, either in bad faith or due to a clerical error that prevented it from actually sending the letter asking Plaintiff to refine his requests.

Plaintiff has been unsuccessful in locating Scott D. Johnson and Philip G. Twisdale but plans to serve them through the Baltimore County Office of Law as soon as practicable. On October 21, 2022, at 4:28 PM EDT – two days after the Court's deadline for doing so – Attorney Neitzel finally confirmed that "the four officers have consented to service through the Office of Law."

Again, Baltimore County and the individual Defendants are in substantial compliance with the Court's order as of the date and time of this Report. Nevertheless, the conduct of the Baltimore County Attorney's Office has fallen well below the standards befitting officers of the court, much less the standards of officers representing the public interest. The events that have occurred since the Court's October 12, 2022, Order are just the latest in a long chain of abuses designed to frustrate the administration of justice in this case – actions that go beyond the scope of zealous advocacy and tread well into the domain of being vexatious and dilatory.

Date: November 2, 2022

NATHAN M. F. CHARLES, Esq.
Maryland Attorney 2011200007
U.S. District Court for the District of
Maryland Attorney 22007
11313 Gainsborough Road,
Potomac, MD 20854
717-202-9407
nate@charleslegalandsecurity.com